```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

M.O. by his parents              )
and next friends CHRIS           )
ONDROVIC and LINDA               )
ONDROVIC,                        )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )   Case No. 2:07 CV 87
                                 )
DUNELAND SCHOOL CORPORATION,     )
and PORTER COUNTY SPECIAL        )
EDUCATION COOPERATIVE            )
                                 )
          DefendantS.            )
```

Opinion and Order

This matter is before the court on the Motion to Strike filed by the plaintiff, M.O. by his parents and next friends, Chris and Linda Ondrovic, on May 18, 2007, and the Defendants' Motion for Leave to File Answer, filed by the defendants, Duneland School Corporation and Porter County Education Services, on May 31, 2007. For the reasons set forth below, the plaintiff's motion to strike is **DENIED** and the defendants' motion for leave to file is **DENIED as moot**.

Background

On March 22, 2007, the plaintiff filed a complaint asserting entitlement to attorney's fees as a prevailing party in an underlying administrative proceeding pursuant to the Individuals

1

with Disabilities Education Act. On April 11, 2007, the defendants executed a waiver of service of summons, under which their answer was due by May 21, 2007. Also on April 11, the parties filed a "Notice of Parties' Agreement for Extension of Time for Defendants to File Responsive Pleading." (DE 5) In this notice, the parties stated that an appeal had been filed in the underlying administrative action with the Indiana Board of Special Education Appeals (BSEA). Whether the plaintiff is entitled to attorney's fees is dependent upon the outcome of this appeal. Accordingly, the parties' notice provided for an indefinite extension of time, asking to delay the filing of an answer until after the decision in the BSEA appeal was completed.

In addressing the motion, the court noted that achieving an extension to the time for filing a responsive pleading may be done by notice, as opposed to a motion, only for extensions of less than 30 days. DE 8; Local Rule 6.1(a).  Because the parties sought an extension through an undefined date ("after the BSEA decision is rendered"), the court construed the notice as a motion and, based upon the parties' agreement, granted it. However, the docket entry prepared by the clerks office reflects the reference to the local rule's 30-day time frame as establishing a deadline for filing an answer. The parties, likely based upon this docket entry, also understood the order to grant only a 30-day extension.

In revisiting this order, the court notes that, while this conclusion reasonably may be derived from the language of the order, it is not accurate. In fact, this view has the effect of *reducing* the amount of time for filing an answer from that provided in the waiver of service. It is clear that the parties did not agree to an "extension" that had the result of reducing the time in which to respond from May 21, 2007 to May 11, 2007.

Nevertheless, on May 16, 2007, the plaintiff contacted the defendant to state that no timely answer had been filed. That day, the defendants filed their answer, and on May 18, the plaintiff filed a motion to strike the answer on the grounds that it was not timely filed. (DE 11) On May 31, the defendants filed their motion for leave to file an answer and included as an exhibit the final written decision from the BSEA.

## Discussion

The basis of the plaintiff's motion to strike is the confusion occasioned by the court's order of April 13, 2007. However, in filing the agreed notice that prompted the April 13 order, the parties indicated an agreement to extending the time in which to file an answer by an undefined duration. It was that relief which the court granted. The plaintiff's current insistence on maintaining the erroneous shortened deadline of May 11, 2007 is not supported.

3

In addition, a motion to strike the entire answer pursuant to Federal Rule of Civil Procedure 12(f) is not warranted. The rule provides for striking portions of pleadings that are "redundant, immaterial, impertinent, or scandalous." *See* **Hardin v. American Electric Power**, 188 F.R.D. 509, 511 (S.D. Ind. 1999)(describing the "drastic measure" of striking a pleading or parts thereof.) The rule does not have application to these circumstances. Finally, the court notes that the typical response to an alleged failure to answer, default judgment pursuant to Federal Rule of Civil Procedure 55, was not complied with and is not appropriate under these circumstances.

_____

For the foregoing reasons, the motion to strike filed by the plaintiff (DE 11) is **DENIED**. The answer filed by the defendants on May 16, 2007 is **DEEMED** timely filed. Accordingly, the defendants motion for leave to file is **DENIED as moot**.

ENTERED this 28th day of June, 2007

/s/ Andrew P. Rodovich
United States Magistrate Judge