UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| M.O., by his parents and next friends, CHRIS ONDROVIC and LINDA ONDROVIC, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 2:07-CV-87 JVB |
| DUNELAND SCHOOL CORPORATION and PORTER COUNTY SPECIAL EDUCATION COOPERATIVE, | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Pending before the Court are Plaintiffs' Motion for Summary Judgment [DE 24], Defendants' Motion for Judgment on the Pleadings [DE 33], and Defendants' Cross-Motion for Summary Judgment [DE 52]. This matter entails Plaintiffs' Complaint for Attorney's Fees and Expenses filed pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and Indiana's Article 7 Special Education Regulations, 511 IAC 7-17 *et seq.* Plaintiffs seek an award of attorney's fees and expenses incurred in an underlying administrative hearing conducted pursuant to IDEA to obtain educational services for M.O., a high school student, who has both physical and emotional disabilities.

Indiana has a two-tier administrative process for special education matters. 511 IAC § 7-30-3 *et seq.*; 511 IAC § 7-30-4 *et seq.* A complaint must first be heard before an Independent Hearing Officer ("IHO"). 511 IAC 7-30-3 *et seq.* Then either party may seek an administrative appeal to the Indiana Board of Special Education Appeals ("BSEA") prior to seeking judicial review. 511 IAC 7-30-4 *et seq.*

IDEA allows for the award of attorney's fees to a "prevailing party" who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B). Indiana's Article 7 states that an action for attorney's fees must be filed in a civil court of competent jurisdiction within thirty calendar days after: "(1) receipt of the independent hearing officer's final decision if no request for review is filed with the board of special education appeals; or (2) receipt of the board of special education appeals' final decision if no request for judicial review is filed in federal or state civil court." 511 IAC 7-30-6(a)(1)&(2).

In this matter, an IHO issued a final written decision on February 26, 2007. (Defs.' Answer, Ex. A at 8.) The IHO found in Plaintiffs' favor. (Compl. at 4, ¶ 2.) On March 1, 2007, Defendant Duneland School Corporation (the "School") filed its Petition for Review with the BSEA and sought clarification of its appeal rights. (Defs.' Answer, Ex. A at 14.) The School filed its initial Petition for Review in the event the BSEA upheld the IHO's expedited appeal instructions.[1] (Defs.' Answer, Ex. A at 14 n. 3.) On March 2, 2007, the BSEA issued an order clarifying the parties' appeal rights and advised that the appeal deadline would be the standard 30-day time frame in accordance with 511 IAC 7-30-3(x)(2). (Defs.' Answer, Ex. A at 14.) The School's correspondence and the BSEA's orders were served upon Plaintiffs' counsel. (Defs.' Answer, Ex. A at 14.)

On March 22, 2007, Plaintiffs filed their Complaint for Attorney's Fees and Expenses claiming "prevailing party" status. Pursuant to the BSEA's orders, the School filed its Amended Petition for Review on April 6, 2007. (Defs.' Answer, Ex. A at 14.) On May 4, 2007, the BSEA issued its decision reversing the IHO's decision and finding in the School's favor. (Defs.' Answer, Ex. A.) Plaintiffs filed an appeal of the BSEA's decision in federal court in the U.S. District Court

---

[1]The School initially attached a Petition for Review to its March 1, 2007, letter to the BSEA in the event the BSEA determined an expedited review was warranted. (Defs.' Answer, Ex. A at 14 n. 3.)

2

for the Northern District of Indiana on June 1, 2007. That case, which is styled *M.O. et al. v. Indiana Department of Education, et al.,* Case No. 2:07-CV-175, is pending before District Judge Theresa L. Springmann.

The Court finds that Plaintiffs' Complaint is premature and Plaintiffs cannot be deemed a "prevailing party" at this time because "prevailing party" status cannot be determined until judicial review of the underlying administrative decision has been completed. As delineated *supra*, Plaintiffs' Complaint for Attorney's Fees and Expenses was filed on March 22, 2007, which was after the IHO's February 26, 2007 decision, but before the time for seeking review with the BSEA had lapsed. 511 IAC 7-30-3(x)(2). The School filed its initial Petition for Review on March 1, 2007 and subsequently filed its Amended Petition for Review on April 6, 2007. On May 4, 2007, the BSEA issued its decision reversing the IHO's decision and finding in favor of the School. Because review of the IHO's decision was timely sought by the School, the decision of the IHO was not final and the instant action filed by Plaintiffs for attorney's fees and expenses was premature. 511 IAC 7-30-6(a).

The case of *McCartney C. v. Herrin Cmty. Unit Sch. Dist. No. 4*, 21 F.3d 173, 175 (7th Cir. 1994) is instructive. In *McCarthy*, the Level II (second appeal to another administrative officer) decision was in the parent's favor, but the school failed to timely appeal the Level II decision. *Id.* at 174. The parents, therefore, sought attorney's fees in federal court. *Id*. The Seventh Circuit Court of Appeals noted that: "[i]f the judicial decision overturns the Level II decision, the parent will not, other than in an extraordinary case . . . have been the prevailing party and will not be entitled to attorney's fees." *Id*. at 175. The Court further stated:

> Until the Level II decision in the parent's favor becomes final upon exhaustion of all judicial remedies by the school district, the parent does not know whether she has

3

>any claim to attorney's fees. So the filing of a lawsuit to obtain those fees would be premature until then.

*Id.*; *see also Todd v. Duneland Sch. Corp. et al.*, Nos. 2:00-CV-170 and 2:00-CV-293 (Consolidated) (N.D. Ind. Aug. 29, 2001) (order dismissing complaint for attorney's fees and granting Defendants' motion for summary judgment).

To the extent Plaintiffs claim they are a "prevailing party" because they obtained certain educational benefits for M.O. at the underlying administrative hearing, the Seventh Circuit has ruled that attorney's fees for interim relief may not be awarded. *Hunger v. Leininger*, 15 F.3d 664, 670 (7th Cir. 1994); *see also Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 469 (7th Cir. 1996) ("a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.")[2]  Importantly, a review of the BSEA's decision shows that the BSEA found "little support for the IHO's legal conclusions and no support for [the IHO's] Orders." (Defs.' Answer, Ex. A at 22.)  In fact, the BSEA reversed three of the four orders issued by the IHO and amended one order. (Defs.' Answer, Ex. A at 28-29.)  Therefore, at this juncture, it would be erroneous to conclude that Plaintiffs are a "prevailing party" when they are seeking an appeal of the BSEA's adverse decision rendered against them in the underlying administrative proceedings.  *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 474 (7th Cir. 2003) ("prevailing party" status is determined when a party is granted relief by a court, usually by a judgment on the merits or a consent decree).

---

[2] The Seventh Circuit "has also emphasized that to be a prevailing party it is insufficient to show that but for the request for a hearing and the hearing itself, the school district would not have provided the child with special educational services." *Steven L.,* 89 F.3d at 469 (citing *Brown v. Griggsville Comm. Unit Sch. Dist. No. 4*, 12 F.3d 681, 684 (7th Cir. 1993)).

4

Accordingly, Plaintiffs' Motion for Summary Judgment [DE 24] is denied without prejudice, Defendants' Motion for Judgment on the Pleadings [DE 33] is granted and Defendants' Cross-Motion for Summary Judgment [DE 52] is denied as moot. Because the filing of this case is premature, any action for attorney's fees and expenses, if warranted, may be filed after the disposition of judicial review of the BSEA's decision which is currently pending in the U.S. District Court for the Northern District of Indiana (Case No. 2:07-CV-175) before District Judge Springmann.

SO ORDERED on March 10, 2008.

                                           s /Joseph S. Van Bokkelen
                                           JOSEPH S. VAN BOKKELEN
                                           UNITED STATES DISTRICT JUDGE