# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| M.O., by his parents and next friends,<br>CHRIS ONDROVIC and<br>LINDA ONDROVIC, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:07-CV-87 JVB |
| DUNELAND SCHOOL CORPORATION<br>and PORTER COUNTY SPECIAL<br>EDUCATION COOPERATIVE, | )<br>)<br>) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Attorney's Fees [DE 64]. This case is premised on Plaintiffs' Complaint for Attorney's Fees and Expenses, filed on March 22, 2007, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and Indiana's Article 7 Special Education Regulations, 511 IAC 7-17 *et seq.* Plaintiffs' complaint for attorney's fees and expenses stems from an underlying administrative hearing, conducted pursuant to the IDEA, to obtain educational services for M.O., a high school student with physical and emotional disabilities. In its discretion, the Court may award attorneys' fees to the parent of a child with a disability, if the parent is the prevailing party in the administrative action. *See* 20 U.S.C. § 1415(i)(3)(B)(i)(I) and 511 Ind. Admin. Code § 7-45-11.

When Plaintiff M.O. was in tenth grade, he transferred to Chesterton High School ("the School") for the 2006–2007 school year. Shortly after the school year began, on September 19, 2006, M.O. was involved in an altercation at school. As a result, the School moved to expel him.

In response, M.O.'s parents invoked several IDEA procedures. On September 27, 2006,

the parents requested an expedited evaluation of M.O. On September 29, 2006, M.O.'s parents requested an administrative hearing regarding M.O. with the Indiana Department of Education. The hearing was held on October 5, 2006, and the independent hearing officer ("IHO") issued an interim order on October 9, 2006, finding that the School knew or should have known that M.O. had a disability and ordered the school to begin homebound instruction services. On October 12, 2006, the IHO issued his final order on the October 5th hearing.

The School held a case conference committee meeting on October 20, 2006, to completely evaluate M.O. The committee found that M.O.'s emotional disability made him eligible for special education services, and it developed an individualized education plan ("IEP") for M.O., including counseling services to help M.O. reintegrate into school.

On November 4, 2006, the School requested the IHO that he add two issues to the upcoming hearings on M.O.'s case: (1) whether the School's October 20, 2006, proposed IEP for M.O. was appropriate; and (2) which placement would be the least restrictive for M.O. The IHO held hearings on these issues on December 12 and 13, 2006, and January 30, 2007, and he issued his decision on February 26, 2007.

The IHO found that the School's IEP did not meet M.O.'s educational needs, and his decision ordered the School to offer M.O. two choices: first, M.O. could continue the homebound education program he was currently participating in, or second, M.O. could continue with homebound placement while taking courses through the Indiana University High School program. Initially, M.O.'s parents chose the second option, which required the School to provide M.O. eight two-hour sessions of academic tutoring and one forty-five minute session of

2

counseling each week.[1]

In the meantime, the School appealed the IHO's February 26, 2007, decision to the Indiana Board of Special Education Appeals ("BSEA"). On May 4, 2007, the BSEA issued its decision, which substantially amended several of the IHO's findings of fact and reversed many of his conclusions of law. Most notably, it found that the School's proposed IEP was procedurally valid and substantively appropriate to address M.O.'s needs. On June 1, 2007, Plaintiffs filed a complaint seeking review of the BSEA's decision in a separate action, 2:07-CV-175, with Judge Springmann presiding over the case.

On September 26, 2007, M.O.'s parents expressed to the School that they wanted M.O. to continue with his homebound placement, taking online classes through Indiana University High School. On March 3, 2008, M.O.'s case conference committee met to discuss M.O.'s credits to graduate with a diploma from the Indiana University High School program. The School recommended to the parents that M.O. transition back to the School, and M.O. began attending the high school again.

The School next held a case conference committee meeting on May 26, 2009, to develop a new IEP for M.O., to help him graduate from high school. At this meeting, M.O.'s parents informed the School that they were moving to a new school district. M.O. transferred to Penn High School, completed his required credits, and graduated from high school.

On October 29, 2009, Judge Springmann issued an opinion and order in case number 2:07-CV-175, finding that Plaintiffs' case was rendered moot by M.O.'s graduation from high school. Judge Springmann dismissed the case for lack of subject matter jurisdiction.

---

[1]In April of 2007 the parents informed the school that they were declining counseling for M.O.

3

Plaintiffs filed their complaint in the instant case on March 22, 2007, seeking attorneys fees and costs against Defendants Duneland School Corporation (the school district in which the School operates) and Porter County Special Education Cooperative. Plaintiffs claimed they were the prevailing party in the administrative action and, therefore, were entitled to an award of attorney's fees and costs from Defendants.

The parties filed cross motions for summary judgment and Defendants filed a motion for judgment on the pleadings. On June 28, 2007, the Court denied Plaintiffs' motion without prejudice, granted Defendants' motion for judgment on the pleadings, and denied Defendants' motion for summary judgment as moot [DE 18]. The Court found that the action for attorneys fees and expenses was premature and Plaintiffs could not be deemed the "prevailing party" since the judicial review of the administrative action was still pending in Judge Springmann's court:

> To the extent Plaintiffs claim they are a "prevailing party" because they obtained certain educational benefits for M.O. at the underlying administrative hearing, the Seventh Circuit has ruled that attorney's fees for interim relief may not be awarded. *Hunger v. Leininger*, 15 F.3d 664, 670 (7th Cir. 1994); *see also Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 469 (7th Cir. 1996) ("a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.") Importantly, a review of the BSEA's decision shows that the BSEA found "little support for the IHO's legal conclusions and no support for [the IHO's] Orders." In fact, the BSEA reversed three of the four orders issued by the IHO and amended one order. Therefore, at this juncture, it would be erroneous to conclude that Plaintiffs are a "prevailing party" when they are seeking an appeal of the BSEA's adverse decision rendered against them in the underlying administrative proceedings. *T.D. v. LaGrange Sch. Dist. No. 102*, 349 F.3d 469, 474 (7 th Cir. 2003) ("prevailing party" status is determined when a party is granted relief by a court, usually by a judgment on the merits or a consent decree).

(DE 61 at 4). The Court instructed Plaintiffs that any action for attorney's fees and expenses could be filed after the case pending before Judge Springmann was resolved.

On November 24, 2009, Plaintiffs filed their Motion to Reopen Case [DE 63] and filed their Motion for Attorney Fees [DE 64] on November 25, 2009. On December 4, 2009, Defendants filed their response to the motion to reopen the case, and Plaintiffs filed their reply on December 7, 2009. On January 5, 2010, Defendants filed their Motion to Stay Pending a Ruling on Plaintiff's Motion to Reopen [DE 76], and Plaintiffs responded to the motion on January 8, 2010. On January 15, 2010, the Court granted the motion to stay. On July 23, 2010, the Court granted Plaintiffs motion to reopen the case. Plaintiffs filed their reply to the motion for attorney's fees on September 7, 2010.

Because Judge Springmann dismissed Plaintiffs' case in 2:07-CV-175 as moot, and for the reasons stated in the Court's June 28, 2007, order in this case, it cannot be said that Plaintiffs were the "prevailing party" in the underlying administrative action. While Plaintiffs may have been successful at the IHO hearing, the BSEA found in favor of the School and reversed many of the IHO's findings and conclusions. Nevertheless, Plaintiffs argue that they were the prevailing party in this action because they "won in each area, in that they had their child evaluated, identified as a child with a disability and received an IEP and educational placement for him, thus insuring provision of [free appropriate public education] rather than the School's plan to expel M.O." (DE 64 at 11). But the Court of Appeals for the Seventh Circuit has emphasized that "to be a prevailing party it is insufficient to show that but for the request for a hearing and the hearing itself, the school district would not have provided the child with special educational services." *Bd. of Educ. of Downers Grove Grade Sch. Dist. No. 58 v. Steven L.*, 89 F.3d 464, 469 (7th Cir. 1996) (citing *Brown v. Griggsville Comm. Unit Sch. Dist. No. 4*, 12 F.3d 681, 684 (7th Cir. 1993)).

5

For the foregoing reasons, Plaintiffs' Motion for Attorneys Fees [DE 64] is DENIED.

The Court directs the Clerk to terminate this case.

SO ORDERED on February 8, 2011.

 s/ Joseph S. Van Bokkelen   
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE